# THE UNITED STATES DISTRICT COURT

# DISTRICT OF UTAH

| | |
|---|---|
| SUZANNE A., <br><br> **Plaintiff,** <br><br> v. <br><br> **KILOLO KIJAKAZI,**[1] <br> **Acting Commissioner of Social Security,** <br><br> **Defendant.** | MEMORANDUM DECISION AND ORDER <br><br><br> Case No. 1:19-cv-00138-JCB <br><br><br> Magistrate Judge Jared C. Bennett |

Under 28 U.S.C. § 636(c) and Fed. R. Civ. P. 73, all parties have consented to Judge Jared C. Bennett conducting all proceedings in this case, including entry of final judgment.[2] Before the court is Plaintiff Suzanne A.'s ("Plaintiff") appeal of Acting Commissioner of Social Security Kilolo Kijakazi's ("Commissioner") final decision determining that Plaintiff was not entitled to Disability Insurance Benefits ("DIB") under Title II of the Social Security Act.[3] After careful consideration of the written briefs and the complete record, the court concludes that oral argument is not necessary. Based upon the analysis set forth below, Plaintiff's arguments on appeal fail. Therefore, the court affirms the Commissioner's decision.

---

[1] Kilolo Kijakazi is now the Acting Commissioner of Social Security. Under Fed. R. Civ. P. 25(d), she has been substituted for Commissioner Andrew M. Saul as the Defendant in this action. ECF No. 33.

[2] ECF No. 13.

[3] 42 U.S.C. §§ 401-434.

PROCEDURAL BACKGROUND

Plaintiff alleges disability due to various physical and mental impairments. Plaintiff applied for DIB in January 2017.[4] Plaintiff's application was denied initially[5] and upon reconsideration.[6] Plaintiff later appeared with counsel for two hearings before an Administrative Law Judge ("ALJ").[7] After the hearings, the ALJ issued a written decision denying Plaintiff's DIB claim.[8] Plaintiff appealed the adverse ruling, and the Appeals Council denied her appeal,[9] making the ALJ's decision final for purposes of judicial review.[10] Plaintiff sought judicial review of the Commissioner's denial before this court in the instant action.[11] While this matter was pending before this court, the Commissioner sought voluntary remand to the Appeals Council,[12] which the court granted.[13]

After remand from this court, the Appeals Council likewise remanded the decision to the ALJ for further action pertaining to Plaintiff's recent narcolepsy diagnosis.[14] The ALJ conducted

---

[4] ECF Nos. 8, 27-30, Administrative Record ("AR ___") 243-49.
[5] AR 90, 126-29
[6] AR 105, 131-33.
[7] AR 33-53, 54-86.
[8] AR 13-32.
[9] AR 1-7.
[10] 42 U.S.C. § 405(g); 20 C.F.R. § 404.981.
[11] ECF No. 2.
[12] ECF No. 23.
[13] ECF No. 24.
[14] AR 1094-1100.

another administrative hearing[15] and issued another written decision denying Plaintiff's claim.[16] The Appeals Council affirmed the ALJ's new decision,[17] and a renewed appeal to this court followed.[18]

## STANDARD OF REVIEW

This court "review[s] the Commissioner's decision to determine whether the factual findings are supported by substantial evidence in the record and whether the correct legal standards were applied."[19] The Commissioner's findings, "if supported by substantial evidence, shall be conclusive."[20] "Substantial evidence is such relevant evidence as a reasonable mind might accept as adequate to support a conclusion. It requires more than a scintilla, but less than a preponderance."[21] "In reviewing the ALJ's decision, [this court may] neither reweigh the evidence nor substitute [its] judgment for that of the [ALJ]."[22] "The [f]ailure to apply the correct legal standard or to provide this court with a sufficient basis to determine that appropriate legal principles have been followed [are] grounds for reversal."[23]

---

[15] AR 1030-61.

[16] AR 1010-29.

[17] AR 1004-09.

[18] ECF Nos. 26, 31.

[19] *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quotations and citation omitted).

[20] 42 U.S.C. § 405(g).

[21] *Lax*, 489 F.3d at 1084 (quotations and citation omitted).

[22] *Madrid v. Barnhart*, 447 F.3d 788, 790 (10th Cir. 2006) (quotations and citation omitted).

[23] *Jensen v. Barnhart*, 436 F.3d 1163, 1165 (10th Cir. 2005) (first alteration in original) (quotations and citation omitted).

The aforementioned standards apply to the Commissioner's five-step evaluation process for determining whether a claimant is disabled.[24] If a determination can be made at any one of the steps that a claimant is or is not disabled, the subsequent steps need not be analyzed.[25]

> Step one determines whether the claimant is presently engaged in substantial gainful activity. If [the claimant] is, disability benefits are denied. If [the claimant] is not, the decision maker must proceed to step two: determining whether the claimant has a medically severe impairment or combination of impairments. . . . If the claimant is unable to show that [her] impairments would have more than a minimal effect on [her] ability to do basic work activities, [she] is not eligible for disability benefits. If, on the other hand, the claimant presents medical evidence and makes the *de minimis* showing of medical severity, the decision maker proceeds to step three.[26]

At step three, the claimant must show that his or her impairments meet or equal one of several listed impairments that are "severe enough to prevent an individual from doing any gainful activity, regardless of his or her age, education, or work experience."[27] "If the impairment is listed and thus conclusively presumed to be disabling, the claimant is entitled to benefits. If not, the evaluation proceeds to the fourth step . . . ."[28] Before considering step four, however, the ALJ must determine the claimant's residual functional capacity ("RFC").[29] An individual's RFC is her ability to do physical and mental work activities on a regular and

---

[24] 20 C.F.R. § 404.1520(a)(4)(i)-(v); *see also Williams v. Bowen*, 844 F.2d 748, 750-51 (10th Cir. 1988) (discussing the five-step process).

[25] 20 C.F.R. § 404.1520(a)(4); *see also Williams*, 844 F.2d at 750.

[26] *Williams*, 844 F.2d at 750-51 (quotations and citations omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(i)-(ii).

[27] 20 C.F.R. § 404.1525(a); *see also* 20 C.F.R. § 404.1520(a)(4)(iii).

[28] *Williams*, 844 F.2d at 751.

[29] 20 C.F.R. § 404.1520(e).

continuing basis despite limitations from her impairments.[30] In making this determination, the ALJ must consider all of the claimant's impairments, including impairments that are not severe.[31]

At the fourth step, the claimant must show, given her RFC, that her impairments prevent performance of her "past relevant work."[32] "If the claimant is able to perform [her] previous work, [she] is not disabled."[33] If, however, the claimant is not able to perform her previous work, she "has met [her] burden of proof, establishing a prima facie case of disability."[34]

At this point, "[t]he evaluation process . . . proceeds to the fifth and final step," where the burden of proof shifts to the Commissioner.[35] The decision maker must determine "whether the claimant has the [RFC] to perform other work in the national economy in view of [her] age, education, and work experience."[36] If it is determined that the claimant "can make an adjustment to other work," she is not disabled.[37] If, on the other hand, it is determined that the claimant "cannot make an adjustment to other work," she is disabled and entitled to benefits.[38]

---

[30] *Id.* § 404.1545(a)(1), (b)-(c).

[31] *Id.* § 404.1545(a)(2).

[32] *Id.* § 404.1520(a)(4)(iv).

[33] *Williams*, 844 F.2d at 751.

[34] *Id.*

[35] *Id.*

[36] *Id.* (quotations and citation omitted); *see also* 20 C.F.R. § 404.1520(a)(4)(v).

[37] 20 C.F.R. § 404.1520(a)(4)(v).

[38] *Id.*

ANALYSIS

I.   **The ALJ's RFC Determination Is Supported by Substantial Evidence.**

Substantial evidence supports the ALJ's renewed decision because he adequately considered the new evidence presented on remand. The court focuses on the ALJ's RFC determination because Plaintiff argues that the ALJ failed to adequately consider the limitations posed by Plaintiff's narcolepsy diagnosis.[39] Specifically, Plaintiff contends that the ALJ's renewed RFC determination was inadequate for two reasons: (A) the ALJ failed to consider all the factors that the Appeals Council required when it remanded the claim to the ALJ; and (B) the ALJ did not provide any explanation for rejecting the limitations that Plaintiff's subjective explanation of her condition appeared to warrant. As shown in order below, each argument fails.

    A.  <u>To the Extent This Court Can Adjudge the ALJ's Compliance with the Appeals Council's Mandate, the ALJ's Renewed Decision Was Adequately Compliant</u>.

Assuming this court has any business determining compliance with a mandate that the Appeals Council is more than capable of—and probably in a better position of—determining on its own, the ALJ's renewed decision was compliant with that mandate. As a threshold matter, the court notes that the Appeals Council affirmed the ALJ's renewed RFC finding.[40] This is significant because the Appeal Council was in the best position to determine whether the ALJ's renewed decision complied with both the letter and spirit of the Appeals Council remand. It knew what it meant and what it expected the ALJ to do on remand. By affirming the ALJ's renewed

---

[39] ECF No. 35 at 6-9.

[40] AR 1004-05.

decision, the Appeals Council apparently believed that the ALJ complied with its mandate. Out of respect for the separation of powers, this court cannot place itself in the paternalistic position of making sure that the Appeals Council's mandates were followed when that body is more than capable to doing so for itself.

    Nevertheless, even if this court must presumptively ignore the Appeals Council's finding and makes its own determination whether the ALJ's renewed decision complied with the Appeals Council's mandate, the record shows that the ALJ complied with the mandate on remand. The Appeals Council's mandate to the ALJ required him to "further evaluate the claimant's subjective allegations of fatigue, lack of energy, lightheadedness, and insomnia" and to "provide appropriate rationale with specific references to evidence of record in support of the assessed limitations."[41] In compliance with this mandate, the first ALJ found that Plaintiff's narcolepsy was a severe impairment.[42] Second, the ALJ discussed Plaintiff's symptoms from all her impairments, including narcolepsy.[43] Third, the ALJ overtly stated the limitations that Plaintiff subjectively experienced and compared them to other evidence in the record.[44] In doing so, the ALJ complied with the requirement to address issues pertaining to "fatigue, lack of energy, lightheadedness, and insomnia."[45] Finally, after considering the foregoing, the ALJ adjusted his original RFC finding from a full range of work with non-exertional limitations to light work with

---

[41] AR 1097.

[42] AR 1016.

[43] AR 1019-20.

[44] AR 1016-20.

[45] AR 1097.

postural and environmental limitations.[46] Consequently, the ALJ considered what the Appeals Council required on remand.

> B. The ALJ Appropriately Considered Plaintiff's Subjective Assessment of Her Condition.

The ALJ's renewed decision expressly considered Plaintiff's subjective assessment of her condition and found that other record evidence contradicted that subjective assessment for purposes of determining Plaintiff's RFC.[47] In fact, the ALJ stated that he "considered all symptoms and the extent to which these symptoms can reasonably be accepted as consistent with the objective medical evidence and other evidence."[48] The ALJ then listed the impairments that Plaintiff subjectively stated, found that these physical or mental impairments could reasonably be expected to produce the claimant's symptoms, but determined that the medical evidence did not support Plaintiff's reports regarding intensity, persistence, or limiting effects.[49] As a result of this analysis, the ALJ's RFC on remand imposed *additional* limitations on Plaintiff's RFC that were not present in the ALJ's original RFC.[50] From this analysis, this court can meaningfully review the ALJ's RFC finding and determine that it was appropriate. Indeed, Plaintiff's disagreement with the ALJ's decision is not one of procedural or legal deficiency but merely a difference of opinion as to how much weight the ALJ should have afforded Plaintiff's subjective assessment of

---

[46] *Compare* AR 22, *with* AR 1017.

[47] 20 C.F.R. § 404.1529(a).

[48] AR 1018; *see also id*.

[49] AR 1018-22; *see also* 20 C.F.R. § 404.1529(a).

[50] *Compare* AR 22, *with* AR 1017.

her condition. This court declines the improper invitation to reweigh the evidence.[51] Accordingly, the ALJ's renewed RFC determination was appropriate.

## CONCLUSION AND ORDER

As demonstrated above, Plaintiff's arguments on appeal fail. Therefore, the court HEREBY ORDERS that the Commissioner's decision in this case is AFFIRMED.

IT IS SO ORDERED.

DATED this 27th day of April 2023.

BY THE COURT:

JARED C. BENNETT
United States Magistrate Judge

---

[51] *Madrid*, 447 F.3d at 790; *see also Oldham v. Astrue*, 509 F.3d 1254, 1257 (10th Cir. 2007) (providing that the court reviewing the ALJ's decision reviews "only the sufficiency of the evidence, not its weight" (emphasis omitted)); *Lax*, 489 F.3d at 1084 ("The possibility of drawing two inconsistent conclusions from the evidence does not prevent an administrative agency's findings from being supported by substantial evidence. We may not displace the agenc[y's] choice between two fairly conflicting views, even though the court would justifiably have made a different choice had the matter been before it de novo." (alteration in original) (quotations and citations omitted)).